# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 365

In re CHARGES AGAINST QUIMBY

Ohio Appeals, 2nd Dist., Franklin County
Decided Feb. 20, 1924.

85. APPEAL — Constitutional amendment abolishing appeal does not deprive Common Pleas courts of jurisdiction in disbarment.

BY THE COURT.

Epitomized Opinion

Published Only in Ohio Law Abstract

Original action of disbarment in the Common Pleas against H. Anna Quimby, respondent. The case was heard by five judges of the Common Pleas, who rendered judgment against respondent. Error was prosecuted to the Court of Appeals by respondent, contending that the statute conferring jurisdiction upon the Court of Common Pleas in disbarment cases is unconstitutional for the reason that the statute conferring such jurisdiction on the Common Pleas has uniformly been coupled with the right of appeal and when the constitutional amendments abolish the right of appeal in such cases, the entire jurisdiction of the Common Pleas was repealed by implication. Held:

It is conceded that the statute was valid before the constitutional amendment. The amendment repealed and superseded the appeal provision of that statute. The purpose of the framers of the amendment was to limit the right of appeal to chancery cases and to establish proceedings in error as the exclusive method of review in all other cases. This was on the theory that a review of error proceedings would be equally if not more beneficial than a re-trial by way of appeal. It was not the intention of the legislature to disturb the original jurisdiction of the Common Pleas.

The question is one of importance because it involves not only the disbarment statute but many others conferring jurisdiction upon the Common Pleas. In 91 OS. 407 the appeal provision in the conservancy statute was held invalid but the court later sustained the statute as to the jurisdiction of the conservancy court. Judgment affirmed.

Attorneys—Timothy S. Hogan, Thomas M. Sherman and Frank M. Raymund, Columbus, for respondent Quimby; Oscar W. Newman, C. J. Pretzman and E. L. Weinland, Columbus, on behalf of committee preferring charges.

No. 366

KOLLER v. ABRAMS

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4877. Decided Feb. 11, 1924

225. CHARGE TO JURY—Where there is evidence to warrant a special request and it is clothed in proper language, such request must be given by court—Question of procuring a customer for a lease, and payment therefor, and several proposed special requests, and court committed error in not giving same.

PER CURIAM.

Epitomized Opinion

Published Only in Ohio Law Abstract

This is an action to recover a commission for procuring a tenant for one Koller. Koller was the owner of a leasehold in a certain property. He entered into an understanding with Abrams to procure a tneant for said property. After said tenant was procured by Abrams, Koller refused to go forward with the lease. At the trial in the Cleveland Municipal Court, Abrams claimed that the agreement was that Koller was to pay him a commission upon the procuring of a purchaser for the lease, while Koller claimed that the agreement was that he was to pay a commission only in the event that the lease was actually signed and delivered. Counsel for the defendant in order to determine this question proposed several special findings, which the court refused to submit. As the jury found for the plaintiff, defendant prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. Where there is evidence to warrant a special request upon a particular subject, and the request is couched in proper language embodying a correct principle of law, it is the duty of the court to submit it to the jury, and not to do so is error.

2. As there was evidence in the record to warrant the questions contained in the special requests to be submitted to the jury, the court was clearly wrong in refusing to submit them.

Attorneys not given.

No. 367

CARL CONSTRUCTION Co. v. HUBLEY et al

Ohio Appeals, 2nd Dist., Montgomery County
No. 569. Decided Jan. 3, 1924

465. ERROR—Not to be prosecuted to an order vacating a default judgment.

BY THE COURT.

Epitomized Opinion

Published Only in Ohio Law Abstract

Default judgment was entered June 11, 1923. Within three days and during term a